UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA

vs.                                           2:05-cr-30-FtM-29SPC

EDWARD JOSEPH DIAZ
_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Reduction of Sentence Under 18 U.S.C. 3582(c)(2) (Doc. #41), filed on November 5, 2010. For the reasons set forth below, the motion is denied.

Defendant is before the Court pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be reduced in light of Amendment 599 of the Sentencing Guidelines. Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) "applies only to a limited class of prisoners -- namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id.

Effective November 1, 2000, the Sentencing Commission promulgated Amendment 599 to the United States Sentencing Guidelines. Defendant Diaz was sentenced on June 19, 2006 (Doc. #35), and the Judgment was filed on June 21, 2006 (Doc. #36). As the Presentence Report indicated (paragraph 4), the Sentencing Guidelines in effect on March 27, 2006 were applied to defendant Diaz. This version of the Sentencing Guidelines took Amendment 599, which had been in effect for five years, into account. Therefore, defendant Diaz is not eligible for a § 3582(c)(2) sentence reduction because the amendment did not have the effect of subsequently lowering his Sentencing Guidelines range after his sentence was imposed. United States v. Johnson, 330 Fed. Appx. 901, 902 (11th Cir. 2009); United States v. Smith, 325 Fed. Appx. 880 (11th Cir. 2009); United States v. Morris, 331 Fed. Appx. 653, 654 (11th Cir. 2009); United States v. Suarez, 260 Fed. Appx. 224, 227 (11th Cir. 2007).

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Reduction of Sentence Under 18 U.S.C. 3582(c)(2) (Doc. #41) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   9th   day of November, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Edward Joseph Diaz
United States Attorney (Michelland)