```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:05-cr-30-FtM-29CM

EDWARD JOSE DIAZ
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion For Adequate Notice of Alleged Violation (Doc. #134) filed on January 11, 2019. The Government's Response (Doc. #136) was filed on January 16, 2019. For the reasons set forth below, the motion is denied.

Currently pending before the Court is a Fourth Superseding Petition (Doc. #102) alleging violations of supervised release by defendant. At issue in this motion is the violation alleged in paragraph 3, which states:

> 3. **New criminal conduct, Aggravated Assault on Law Enforcement Officer, occurring on March 23, 2017, while on supervision in violation of the conditions of supervision:** On March 23, 2017, the defendant was arrested by the Lee County Sheriff's Office after he fled from a deputy, then struggled with the deputy during a traffic stop, then a physical altercation ensued during a traffic stop wherein the defendant hit a deputy and attempted to run over the deputy while in an attempt to flee. He was subsequently arrested for the violation of Florida Statute 784.07.

(Doc. #102, p. 2.)  Defendant correctly asserts that under Fla. Stat. § 784.07, an aggravated assault on a law enforcement officer can be committed by either of the two ways specified in Fla. Stat. § 784.021:  an assault with a deadly weapon without intent to kill, or an assault with an intent to commit a felony.  Defendant argues that the government must tell him which manner of violating § 784.021 is asserted in Violation No. 3.  To the government's response that <u>both</u> ways are alleged, defendant argues that the government must elect one manner or dismiss Violation No. 3.

"A releasee charged with violating a term of his supervised release is not entitled to the same procedural protections afforded the accused in a criminal trial." <u>United States v. Johnson</u>, 536 Fed. App'x 938, 941-42 (11th Cir. 2013)(citations omitted). "Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." <u>United States v. Frazier</u>, 26 F.3d 110, 114 (11th Cir. 1994)(citations omitted). The requirements of Fed. R. Crim. P. 32.1, including the written notice requirement of Rule 32.1(b)(2)(A), "incorporate[] these same minimal due process requirements." <u>Id.</u>  An adequate notice does not require the information sought by defendant in this case.

> Levitan contends that the petition failed to provide him adequate notice of the claimed violations because it did not cite any specific Florida statutes. However, this court has never established a per se rule that a petition must cite the relevant statute. <u>See</u> <u>United States v. Evers</u>, 534 F.2d 1186, 1188

(Doc. #102, p. 2.)  Defendant correctly asserts that under Fla. Stat. § 784.07, an aggravated assault on a law enforcement officer can be committed by either of the two ways specified in Fla. Stat. § 784.021:  an assault with a deadly weapon without intent to kill, or an assault with an intent to commit a felony.  Defendant argues that the government must tell him which manner of violating § 784.021 is asserted in Violation No. 3.  To the government's response that <u>both</u> ways are alleged, defendant argues that the government must elect one manner or dismiss Violation No. 3.

"A releasee charged with violating a term of his supervised release is not entitled to the same procedural protections afforded the accused in a criminal trial." <u>United States v. Johnson</u>, 536 Fed. App'x 938, 941-42 (11th Cir. 2013)(citations omitted). "Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." <u>United States v. Frazier</u>, 26 F.3d 110, 114 (11th Cir. 1994)(citations omitted). The requirements of Fed. R. Crim. P. 32.1, including the written notice requirement of Rule 32.1(b)(2)(A), "incorporate[] these same minimal due process requirements." <u>Id.</u>  An adequate notice does not require the information sought by defendant in this case.

> Levitan contends that the petition failed to provide him adequate notice of the claimed violations because it did not cite any specific Florida statutes. However, this court has never established a per se rule that a petition must cite the relevant statute. <u>See</u> <u>United States v. Evers</u>, 534 F.2d 1186, 1188

> (5th Cir. 1976) (holding that a petition stating that the basis of revocation was "Arrest and possession of marihuana on November 24, 1974" provided adequate notice of the government's allegations); see also United States v. McNeil, 415 F.3d 273, 276 (2d Cir. 2005) ("[D]espite the lack of citation to a statute in the charging document here, the phrase 'possession of cocaine base' gave adequate notice of the elements of the offense charged.").
>
> In this case, Levitan received adequate written notice of the asserted violation of his supervised release. The state law violations being charged were evident from the petition, which asserted that Levitan had been charged in Florida state court with one count of grand theft and one count of stopping payment on a check with intent to defraud. The petition summarized the facts underlying those charges. The probation officer also provided Levitan with a violation of supervised release packet, and one of the state court documents in that packet indicated that Levitan was alleged to have violated Fla. Stat. §§ 812.014(2)(b) and 832.041. That notice provided Levitan with all the process that he was due. See United States v. Sesma-Hernandez, 219 F.3d 859, 860 (9th Cir. 2000) (holding that notice was "plainly sufficient" where the defendant "was not only told the title of the charge, but was specifically referred to the state court complaint, which clearly set forth the state code section and the particular part of it violated").

United States v. Levitan, 369 Fed. App'x 24, 26 (11th Cir. 2010).

The record in this case reflects that defendant has been provided adequate written notice which satisfies the obligations of due process and Rule 32.1. Not only has the government informed defendant it intended to proceed under both prongs, defendant has

been afforded a preliminary hearing in which he concedes the government presented evidence of both prongs.  This clearly provides adequate notice.  See <u>United States v. Jackson</u>, 568 Fed. App'x 655, 658 (11th Cir. 2014).  There is no requirement that the government elect one prong or the other, and defendant has cited no binding authority for such a rule.  See <u>Spencer v. United States</u>, 142 F.3d 436, *3 (6th Cir. 1998).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion For Adequate Notice of Alleged Violation (Doc. #134) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record