```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

EDWARD JOSE DIAZ,

       Petitioner,

v.                                 Case No:  2:19-cv-419-FtM-29MRM
                                        Case No.  2:05-CR-30-FTM-29MRM
UNITED STATES OF AMERICA,

       Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Cv. Doc. #1) filed on June 21, 2019.  The United States' Response (Cv. Doc. #10) was filed on August 26, 2019.  On October 7, 2019, petitioner filed a Motion to Supplement § 2255 (Cv. Doc. #15), to which the United States did not respond.

In a prior Opinion and Order (Cv. Doc. #16) filed on March 30, 2020, the Court granted the request to supplement to the extent that the issue was considered and denied on the merits, and denied all substantive issues of ineffective assistance of counsel raised in the original petition, except one.  On that issue, a claim of ineffective assistance of counsel for failure to file a notice of direct appeal, the Court found that an evidentiary hearing was necessary.  The Court appointed counsel and an evidentiary hearing was scheduled.  (Doc. #18.)  On December 3, 2020, after delays

related to COVID-19, the Court conducted the evidentiary hearing. (Doc. #33.) At the conclusion of the testimony, petitioner's attorney informed the Court that petitioner wished to withdraw the issue of ineffective assistance due to the failure to file a direct appeal. The Court conducted an inquiry of petitioner and counsel on the record, and determined that petitioner was freely, knowingly, understandingly, and voluntarily withdrawing the issue. The Court accepted the withdrawal, advising petitioner that he was forever waiving/forfeiting that issue.

As to the other issues, petitioner filed a *pro se* Motion For Reconsideration Pursuant to F.R.C.P. 59(e) (Doc. #22) on March 23, 2020. The government did not file a response, but stated at the evidentiary hearing that it opposed the motion. Nothing in petitioner's motion justifies the Court reconsidering its prior Opinion and Order. Petitioner's position is no different than it was in the original petition, and for the reasons set forth earlier, the Court continues to find the grounds for relief to be without merit.

As discussed at the conclusion of the evidentiary hearing, petitioner does not automatically have the right to appeal the denial of his § 2255 motion. Petitioner's § 2255 proceeding is a civil case, and in a civil case where the United States is a party, petitioner must file a notice of appeal no later than **60 days** after

the challenged order or judgment is entered on the docket. Fed. R. App. P. 4(a)(1)(B)(i).

Petitioner must obtain a certificate of appealability to appeal the denial of the § 2255 motion.  28 U.S.C. § 2253(c)(1)(B). If a district court denies a COA, a party may seek a COA in the Eleventh Circuit. Fed. R. App. P. 22(b)(1); 11th Cir. R. 22-1(b) ("If the district court denies a certificate of appealability, a party may seek a certificate of appealability from the court of appeals. In the event that a party does not file an application for such a certificate, the court of appeals will construe a party's filing of a timely notice of appeal as an application to the court of appeals for a certificate of appealability."). In the absence of a separately filed COA application, the Eleventh Circuit will construe a timely notice of appeal in a § 2255 proceeding as an application for a COA.  Fed. R. App. P. 22(b)(2); 11th Cir. R. 22-1(b).

Accordingly, it is hereby

**ORDERED:**

1. The Court adopts its prior Opinion and Order (Doc. #16).
2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is **DENIED** as to the alleged ineffective assistance of counsel for failing to raise Fourth Amendment challenges.  The issue concerning the failure to consult

or take a direct appeal after the final revocation is **WITHDRAWN** by petitioner.

3. Petitioner's Motion to Supplement (Cv. Doc. #15) is **GRANTED** to the extent that the Court considered the issue, and the issue is **DENIED** on the merits.

4. Petitioner's Motion for Reconsideration Pursuant to F.R.C.P. 59(e) is **DENIED.**

5. The Clerk shall enter judgment pursuant to the Opinion and Order (Doc. #16) regarding the alleged ineffective assistance of counsel for failing to raise Fourth Amendment challenges and the Motion to Supplement, and the portion previously taken under advisement for failure to consult or take a direct appeal from the final revocation is deemed withdrawn. The Clerk shall close the civil file and place a copy of the civil Judgment in the criminal file.

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**

"A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed

further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of December, 2020.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of Record